# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

**UNITED STATES OF AMERICA**

v.

**CHARLES GROB**

Case No. 4:16-CR-408

## SENTENCE DATA SHEET

**CITIZENSHIP**  United States of America

**GUILTY PLEA**  Count One of the Information charges defendant with conspiring to commit wire fraud, in violation of Title 18, United States Code, Section 371

**SUBSTANCE OF PLEA AGREEMENT**  Defendant will plead to Count One of the Information (conspiracy to commit wire fraud).

If defendant pleads guilty to Count One and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Information at time of sentencing.

Defendant waives his right to appeal or to collaterally attack his conviction or sentence.

If defendant clearly demonstrates acceptance of responsibility, the United States agrees to not oppose a 2 level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1(a).

Defendant has timely notified the authorities of the intention to enter a plea of guilty, permitting the United States to efficiently allocate resources, so the United States will move the Court for an additional 1 level reduction. U.S.S.G. §3E1.1(b).

1

If defendant provides truthful and substantial assistance as judged solely by the United States, it may file for a sentencing reduction under U.S.S.G. § 5K1.1.

Defendant also agrees to pay full restitution and agrees to not oppose forfeiture.

**ELEMENTS**     **COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD (18 U.S.C. § 371)**

First: That the defendant and at least one other person made an agreement to commit the crime of wire fraud, as charged in the Information; and

Second: That the defendant knew the unlawful purpose of the agreement and joined in it with the intent to further the unlawful purpose.

Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information, in order to accomplish some object or purpose of the conspiracy.

Adapted from 5th Cir. Pattern Jury Instr. 2.15A (2015).

In turn, the elements of wire fraud, in violation of 18 U.S.C. § 1343, are as follows:

First: That the defendant knowingly devised or intended to devise any scheme to defraud, as described in the Information;

Second: That the scheme to defraud employed false material representations, pretenses, or promises;

Third: That the defendant transmitted or caused to be transmitted by way of wire or radio communications, in interstate commerce, any writing, sign, signal, picture, sound for the purpose of executing such scheme; and

        Fourth: That the defendant acted with a specific intent to defraud.

        5th Cir. Pattern Jury Instr. 2.57 (2015).

**PENALTY**    Count One: term of imprisonment of not more than 5 years.

**FINE**    Fine of not more than $250,000.

    Alternatively, if any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process. 18 U.S.C. 3571(d).

**SUPERVISED RELEASE**    Maximum three years supervised release (18 U.S.C. §§ 3559 and 3583); if the defendant violates the conditions of release, then the defendant may be imprisoned for up to two years without credit for time already served on the term of supervised release, 18 U.S.C. 3583(e)(3).

**SPECIAL ASSESSMENT**    $100 per count of conviction.

        Respectfully submitted,

        Ryan K. Patrick
        United States Attorney

        */s/ Michael Chu*
        _____
        Michael Chu
        Justin Martin
        Assistant U.S. Attorneys